IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,     )
                              )
              Plaintiff,      )         8:03CR289
                              )
     v.                       )
                              )
TERRON BROWN,                 )         MEMORANDUM OPINION
                              )
              Defendant.      )
_____)
```

This matter is before the Court on defendant/petitioner's petition for habeas corpus relief pursuant to Title 28, United States Code, § 2255 (Filing No. 177), the answer of the United States to defendant's petition (Filing No. 184), and the brief of the government in support of its answer (Filing No. 185). The Court has reviewed the petition, the answer and the brief of the government and finds that it is not necessary to hold a hearing in order to address and resolve the issues presented by the motion.

The defendant alleges six prejudicial errors in his petition as follows:

> Prejudicial Error No: One
> Denial of Petitioner's right to due process of law as well as causing a miscarriage of justice where the Eight (sic) Circuit Court of Appeals used impractical inferences and a (sic) analysis contrary to established law to affirm the conviction.

>Prejudicial Error No: Two
>Ineffective assistance of counsel regarding counsel's neglect to seek further review after the errors of the Eighth Circuit Court Of Appeals caused a fundamental defect in Petitioner's appellant (sic) proceeding.
>
>Prejudicial Error No: Three
>Ineffective assistance of counsel regarding the failure to raise a challenge to the elevation of the matter to the jurisdiction of the federal court in a matter regarding a city police stop.
>
>Prejudicial Error No: Four
>Ineffective assistance of counsel regarding the failure to request and secure a (sic) adequate and sufficiently defined buyer-seller instruction.
>
>Prejudicial Error No: Five
>Ineffective assistance of counsel regarding the failure to raise to the appellant (sic) court the District Judge's error in admitting into evidence a small amount of crack cocaine.
>
>Prejudicial Error No: Six
>Ineffective assistance of counsel regarding the failure to raise to the Appellant (sic) Court the District Judge's error in overruling the Batson Challenge causing Petitioner to be tried by a jury not guaranteed under the six (sic) amendment.

By Error No. One, the defendant seeks to have this Court review the decision of the United States Court of Appeals for the Eighth Circuit. Section 2255 is not an appropriate

vehicle by which to challenge the decision of the Eighth Circuit Court of Appeals.  A review of their decision lies solely with the Supreme Court of the United States.  In *Mason v. Pewabic Min. Co., et al.*, 153 U.S. 361, 365, 14 S.Ct. 847, (1894), the Supreme Court stated:

> By section 4 of the judiciary act of March 3, 1891, it was provided that 'the review, by appeal, by writ of error, or otherwise, from the existing circuit courts, shall be had only in the supreme court of the United States, or in the circuit courts of appeals hereby established, according to the provisions of this act regulating the same.'

*See also United States v. Rider*, 163 U.S. 132, 16 S.Ct. 983, 41 L.Ed. 101 (1896).

Grounds Two through Six inclusive involve claims that the defendant/petitioner did not receive effective assistance of counsel.  These issues are governed by *Strickland v. Washington*, 466 U.S. 668, 684 (1984).  This right to counsel is "the right to effective assistance of counsel."  *Id.* at 686 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970)).  An ineffective assistance of counsel claim has two components: (1) the defendant must show that counsel's performance was deficient; and (2) the defendant must show that the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687.

To demonstrate prejudice, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The Supreme Court has stated that "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The Court must ask whether a reasonable probability exists that absent the errors, the factfinder would have a reasonable doubt respecting guilt, based upon the totality of the evidence. *Id.* at 695.

In Claim Two, the defendant argues that his counsel's neglect to seek further review of the decision of the Eighth Circuit caused a fundamental defect in petitioner's appellate proceeding. In his discussion, he focuses on the errors he set forth in Claim One. He makes no claim that he requested his attorney to seek review by the Supreme Court and makes no claim that he ever discussed further appeals with his counsel.

In reviewing the history of this case, it is clear that the defendant receive diligent and competent representation by counsel throughout the appellate process. His claimed errors are

without merit, and this claim of deficient or ineffective assistance of counsel is without merit.

In Claim Three, he suggests that he was entitled to have this case prosecuted in state court under state law. There is no selective prosecution involved. He could be prosecuted in both state and federal court for the same crime as the jurisdiction in one court does not deprive the other court of its jurisdiction. A virtually identical argument was raised in *United States v. Jacobs*, 4 F.3d 603 (8th Cir. 1993), where the Eighth Circuit in rejecting defendant's claims, stated at Page 604:

> We find that Jacob's arguments border on the frivolous. Prosecutors have broad discretion in making prosecutive decisions. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978). In exercising this discretion, the prosecutor may take into account the penalties available upon conviction. *United States v. Batchelder*, 442 U.S. 114, 125, 99 S.Ct. 2198, 2205, 60 L.Ed.2d 755 (1979).

In this case, defendant's argument "borders on the frivolous."

-5-

Claim Four alleges his counsel failed to request or secure an appropriate buyer-seller instruction. Instruction No. 10 given to the jury clearly presents this issue. The evidence presented by the government overwhelmingly refutes defendant's claim that he was in only a buyer-seller situation. The instruction given was more than adequate to address this issue, and in part, was based on an instruction requested by his counsel. Defendant's showing fails to support a finding that his counsel's performance was deficient in this respect, and the Court finds there is no merit to this claim.

In Claim Five, the defendant states his counsel was deficient in not raising on appeal a claim that the district court erred in admitting 3.8 grams of crack cocaine found on defendant in an arrest which occurred during the course of the conspiracy. The admissibility of this evidence was challenged in district court both by a motion in limine prior to trial and again during the trial at the time the evidence was sought to be introduced. On each occasion, the Court overruled defendant's objection. This evidence was clearly relevant not only to defendant's knowledge of the substance involved but also to his involvement with crack cocaine. There was no error in the admission of this evidence, and accordingly, his counsel was not deficient in not raising it on appeal.

As the Eighth Circuit Court of Appeals has stated: "[a]ny drug activity by a conspirator during the conspiracy is relevant evidence of the existence of the conspiracy." *United States v. Roulette,* 75 F.3d 418, 424 (8th Cir. 1996).

In Claim Six, the defendant claims that he received ineffective assistance of counsel when counsel failed to raise on appeal the Court's ruling on defendant's *Batson* challenge to the government's peremptory challenge of two jurors during the jury selection process. There were only two members of the venire who were African American, and both were stricken by the government by peremptory challenge. Defendant's counsel raised this challenge before the jury was sworn, and the government was invited at sidebar to explain why it struck these two jurors.

The government stated it excused the male African American juror for the following reasons:

> because he was unresponsive to the questions. He was unemployed. I don't believe that he has a stake in the community that I want a juror to have. When I asked who he worked for, I thought he was very unresponsive to that and indicated that he'd already started working on the 19th. But when I said June, he said no, it's July. He has an earring in his ear which indicates to me that he's not a mainstream person, and for those reasons I struck him.

The government noted it had struck the female African American juror because:

-7-

> strictly for the reason that she does not like me.  She was glaring at me when I introduced Orsi.  She continued to glare at me during the entire process.  I don't feel her answers to my questions -- I thought she was antagonistic when I asked her about her position, and those are my reasons for the strike, your Honor.

The Court concluded that these constituted valid, non-discriminatory reasons for the exercise of its peremptory challenges and denied defendant's *Batson* challenge.

*Batson* provides a three-step process for a trial court to use in adjudicating a claim that a peremptory challenge was based on race.  First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race; second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question; and third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination.  The United States Supreme Court in *Snyder v. Louisiana*, 552 U.S. ___, (2008), 170 L.Ed.2d 175, 128 S.Ct. 1203 (2008), held that the demeanor and credibility of the attorneys is involved in ruling on the reasons articulated in support of their positions.  The Court stated:

> . . . [R]ace-neutral reasons for peremptory challenges often invoke a juror's demeanor (e.g., nervousness, inattention), making the trial court's first-hand

-8-

> observations of even greater importance. In this situation, the trial court must evaluate not only whether the prosecutor's demeanor belies a discriminatory intent, but also whether the juror's demeanor can credibly be said to have exhibited the basis for the strike attributed to the juror by the prosecutor. We have recognized that these determinations of credibility and demeanor lie 'peculiarly within a trial judge's province,' *id.* (quoting *Wainwright v. Witt*, 469 U.S. 412, 428, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985)), and we have stated that 'in the absence of exceptional circumstances, we would defer to [the trial court].' 500 U.S., at 366, 111 S.Ct. 1859.

*Id. at* 1207.

For these reasons, the Court finds that the government's reasons were non-discriminatory and that defendant's Claim 6 is without merit.

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *Apfel*, 97 F.3d at 1076. In addition, appellate counsel is expected to winnow the issues on appeal and highlight those issues that are most likely to prevail. *See Gee v. Groose*, 110 F.3d 1346 (8th Cir. 1997)("Reasonable appellate strategy requires an attorney to limit the appeal to those issues counsel determines have the highest likelihood of success."), *Otey v. Grammar,* 859 F.2d 575 (8th Cir. 1987)("This process of 'winnowing out weaker arguments

on appeal and focusing on those more likely to prevail, far from being evidence of incompetent, is the hallmark of effective appellate advocacy.'"); *Parker v Bowersox*, 94 F.3d 458, 462 (8th Cir. 1996)("To perform competently under the Sixth Amendment, counsel is neither required nor even advised to raise every conceivable issue on appeal."). *See also, Jones v. Barnes*, 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

Having reviewed defendant's motion and supporting brief and the response of the government, the Court finds that defendant's § 2255 motion should be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 7th day of April, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court